UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| MICHAEL WILSON | * | CIVIL ACTION NO. 16-1263 |
|---|---|---|
| | * | |
| | * | SECTION: "N"(1) |
| VERSUS | * | |
| | * | JUDGE KURT D. ENGELHARDT |
| JAMES INDUSTRIAL CONTRACTORS | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

REPORT AND RECOMMENDATION

Before the Court is the Rule 37 and Rule 41 Motion for Sanctions and to Dismiss filed by James Industrial (Rec. Doc. 21). For the following reasons, undersigned recommends that the Motion be GRANTED and the complaint of Michael Wilson be dismissed.

Background

Plaintiff Michael Wilson alleges that he became ill and was awaiting approval for neck and back surgery when he was terminated from his employment with James Industrial Constructors. (Complaint, at 1, Rec. Doc. 1). He submits that the termination left him without medical insurance and medical attention that caused more damage to his condition. After receiving a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"), Mr. Wilson filed this lawsuit on February 12, 2016 against James Industrial Constructors, alleging employment discrimination and citing various federal statutes including the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, the Age Discrimination in Employment Act and Equal Pay Act, and the whistleblower protections of OSHA. He also appears to assert general tort

1

claims and a claim for wrongful termination. Defendant James Industrial answered, noting that it was incorrectly identified as James Industrial Constructors. (Rec. Doc. 5). While admitting that it had once employed Mr. Wilson, James Industrial denied his remaining allegations. Trial in this matter is set before the District Judge on February 6, 2017. The discovery deadline is December 8, 2016.

Defendant first filed a motion to compel on August 5, 2016, informing the Court that it had served Mr. Wilson with its First Interrogatories, Requests for Production of Documents, and Requests for Admission on June 22, 2016, by U.S. Mail (Mr. Wilson is proceeding *pro se*). (Rec. Doc. 13). Mr. Wilson had not provided responses by July 22, 2016, as required by the Federal Rules of Civil Procedure. In correspondence dated July 27, 2016, and mailed to Mr. Wilson's address of record, Defendant notified Mr. Wilson that his responses were overdue and set a telephone conference to discuss on August 1, 2016. Mr. Wilson did not participate in the telephone call. Mr. Wilson did not file an opposition to the original motion to compel.

On September 1, 2016, this Court granted the Defendant's original motion to compel. (Rec. Doc. 17). The Court ordered Mr. Wilson to respond to Defendant's Interrogatories and Requests for Production within 14 days. According to the Defendant, by September 15, 2016, Mr. Wilson had still not responded to the discovery requests as ordered. On September 21, 2016, the Defendant filed its Supplemental and Renewed Motion to Compel the discovery that it had served on Mr. Wilson more three months earlier (Rec. Doc. 18). Mr. Wilson did not file a memorandum in opposition. The Court granted the Motion and ordered that Mr. Wilson respond to the Defendant's Interrogatories and Requests for Production on or before October 25, 2016. (Rec. Doc. 19). As a sanction, the Court also ordered that Mr. Wilson pay $250 to the Defendant for Defendant's reasonable attorney's fees. The Court warned that "If Mr. Wilson continues to

disregard the Court's orders and his responsibility to respond to discovery pursuant to the Federal Rules of Civil Procedure, the Court shall consider further sanctions, including the recommendation to the District Court that Mr. Wilson's claims be dismissed."

On November 1, 2016, Defendant filed the present motion seeking sanctions and dismissal of Mr. Wilson's action because of Mr. Wilson's continued failure to respond to its discovery requests and comply with this Court's orders. (Rec. Doc. 21). Defendant submits that under both Rules 37 and 41 of the Federal Rules of Civil Procedure, dismissal is an appropriate sanction here because the case demonstrates a clear record of contumacious conduct by the plaintiff himself because he is acting *pro se*. Defendant submits that it has been prejudiced in its ability to defend the case because Mr. Wilson has not responded to discovery. To this date, Mr. Wilson has provided no explanation for his failure to comply with the Court's orders and his discovery obligations. Defendant insists that lesser sanctions would not suffice because lesser sanctions have already been imposed to no avail. Defendant points out that even in the face of this Court's clear warning of the possibility of a recommendation of dismissal, Mr. Wilson has still failed to comply with the Court's orders and respond to the discovery requests. Defendant further points out that Mr. Wilson failed to provide Initial Disclosures, due by May 16, 2016, and failed to file Witness and Exhibit Lists, which were to be filed by October 28, 2016. As such, Defendant notes, Mr. Wilson has failed to comply with this Court's Scheduling Order (Rec. Doc. 9).

The deadline for Mr. Wilson to file a memorandum in opposition to the latest motion, seeking sanctions and dismissal, was November 8, 2016, pursuant to Local Rule 7.5E because the motion was set for submission on November 16, 2016. Mr. Wilson has not filed a memorandum in opposition, so Defendant's motion is deemed to be unopposed.

Law and Analysis

1. *Standard of Review*

Under the Federal Rules of Civil Procedure if a party "fails to obey an order to provide or permit discovery," the court is authorized to impose sanctions, including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. Proc. 37(b)(2)(vi). The Rules also provide that "[i]f the plaintiff fails to prosecute or to comply with [the Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Proc. 41(a)(b). "In addition to the authority granted by Rule 41(b), a federal district court possesses the inherent authority to dismiss an action for want of prosecution, which it may exercise on its own motion when necessary to maintain the orderly administration of justice." Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247 (5th Cir. 1980).

Dismissal is an extreme sanction, but as the Defendant points out, in some cases such a sanction is necessary "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976); see Gonzalez, 610 F.2d at 247. The United States Court of Appeals for the Fifth Circuit requires that dismissal with prejudice "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists, and a lesser sanction would not better serve the interests of justice." Gonzalez, 610 F.2d at 247 (citations omitted); Carter v. Dialysis Clinic, Inc., 234 F.3d 707 (5th Cir. 2000) (unpublished) (recognizing the application of this standard for dismissal under either Rule 41(b) or Rule 37(b)(2). The Fifth Circuit has also required that "the refusal to comply results

from willfulness or bad faith" and that it "substantially prejudice the opposing party." Coane v. Ferrara Pan Candy Co., 898 F.2d 1030, 1032 (5th Cir. 1990).

Where the statute of limitations would bar future litigation, a dismissal without prejudice is subject to the same standard. Gray v. Fid. Acceptance Corp., 634 F.2d 226, 227 (5th Cir. 1981). Because Mr. Wilson's federal employment discrimination claims must be filed within 60 days of receipt of a right to sue letter from the EEOC, a dismissal (at least as to those causes of action), is considered a with prejudice dismissal.

Defendant cites Oviedo v. Lowe's Home Improvement, Inc., where the Fifth Circuit affirmed the district court's dismissal of a *pro se* plaintiff's employment discrimination claim. 184 F. App'x 411, 412 (5th Cir. 2006) (unpublished). There, despite numerous requests from the defendant, the plaintiff did not respond to discovery requests, even after the court ordered deadline to complete discovery. Id. The plaintiff also refused to provide dates for her deposition and never responded to the defendant's motion to dismiss. Id. The Fifth Circuit found that dismissal was not an abuse of discretion. Id.

  2. *Analysis*

Dismissal is appropriate in this case. The deadline for completing discovery is three weeks away. Trial is set for February 6, 2017. The discovery sought by the Defendant was originally served on June 22, 2016, approximately five months ago. Mr. Wilson has not responded to the discovery even after this Court has twice issued orders compelling him to do so. He has not filed memoranda in opposition to the motions to compel or offered any explanation for his failure to respond. His failure to participate in his own case demonstrates a clear record of delay and his refusal to respond to this Court's orders without even attempting to put forth an excuse amounts to contumacious conduct. Defendant is clearly prejudiced by this delay. The discovery deadline is

fast approaching and Defendant will be unable to prepare for trial in February without Mr. Wilson's discovery responses. The Court notes that there is no indication that Mr. Wilson is not receiving mail at his address of record and finds that his failure to provide any response at all to Defendant's motion seeking dismissal is evidence of his willfulness. Further, the Court's previous order compelling a response to Defendant's discovery warned Mr. Wilson of the possibility of a recommendation of dismissal, but still he has not provided any discovery response. Mr. Wilson has also failed to comply with the Court's Scheduling Order by failing to provide Initial Disclosures, which were due by May 2, 2016, and failing to file Witness and Exhibit Lists, which were due by October 28, 2016. While recognizing that dismissal is a severe sanction, the Court finds that Mr. Wilson's case should be dismissed as a sanction for his repeated failure to comply with this Court's orders without providing any reason for failing to do so.

## Conclusion

For the foregoing reasons, it is recommended that the Rule 37 and 41 Motion to Dismiss filed by James Industrial (Rec. Doc. 21) be GRANTED and the complaint of Michael Wilson be dismissed.

## NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this  18th  day of November, 2016.

*[signature: Janis van Meerveld]*
Janis van Meerveld
United States Magistrate Judge